UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John D. Smith Co., LPA, | ) |
| Plaintiff, | ) Case No.: 1:19-cv-01084 |
| vs. | ) |
| Daniel S. Lipsky, et al., | ) Judge Michael R. Barrett |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant and Crossclaim Defendant Daniel S. Lipsky's ("Lipsky") Motions to Dismiss. (Docs. 4, 25). Plaintiff and Counter Defendant John D. Smith Co., LPA ("John D. Smith") and Defendant and Cross Claimant the Consumer Financial Protection Bureau ("CFPB") filed Responses in Opposition. (Docs. 11, 31). Lipsky filed Replies. (Docs. 18, 36).

**I.    BACKGROUND**

In 2015, in the U.S. District Court for the Northern District of California ("Northern District of California"), the CFPB filed a civil enforcement action against Nationwide Biweekly Administration, Inc. ("Nationwide"), Loan Payment Administration, a wholly owned subsidiary of Nationwide, and Lipsky, the founder, president, sole officer, and sole owner of Nationwide, alleging that those defendants violated the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5511 *et seq.*, and the Telemarketing Sales Rule, 16 C.F.R. § 310.2(dd), by engaging in false or misleading marketing practices. *Consumer*

*Fin. Prot. Bureau v. Nationwide Biweekly Admin., Inc.*, No. 15-CV-02106-RS, 2017 WL 3948396, at *1 (N.D. Cal. Sept. 8, 2017).[1]

On July 18, 2017, John D. Smith, a law firm that previously represented Lipsky in the matter in the Northern District of California, filed a complaint against Lipsky in the Greene County, Ohio Court of Common Pleas. (Doc. 2, ¶ 1).[2]

On September 8, 2017, the Northern District of California found that Nationwide violated the Consumer Financial Protection Act of 2010 and the Telemarketing Sales Rule, and ordered a civil penalty in the amount of $7,930,000, along with permanent injunctive relief, against Lipsky.[3] *Nationwide Biweekly Admin., Inc.*, 2017 WL 3948396, at *1. Judgment for the Northern District of California civil penalty issued on November 9, 2017. *Id.*, No. 15-CV-02106-RS, Docket Entry 331. Lipsky appealed the Northern District of California's decision to the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") and the CFPB cross-appealed. *Consumer Fin. Prot. Bureau v. Nationwide Biweekly Admin., Inc.*, No. 18-15431 (9th Cir. filed March 15, 2018).

On May 10, 2018, pursuant to 28 U.S.C. § 3201, the CFPB recorded a federal lien in the amount of $7,930,000, in Warren County, Ohio, that encumbers Lipsky's real estate

---

[1] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). And they may do so in resolving a motion to dismiss without converting it to one for summary judgment. *See id.* This lawsuit against Lipsky, and its appeal discussed later herein, is referenced in the Complaint and Crossclaim and is central to the allegations in this case. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

[2] The discussion in footnote one applies to this lawsuit against Lipsky, too. *See Jackson*, 194 F.3d at 745.

[3] That court found the three defendants jointly and severally liable. *Nationwide Biweekly Admin., Inc.*, 2017 WL 3948396, at *13.

located at 8234 Voltaire Court, Waynesville, Ohio 45068 ("Property"). (Doc. 2, Exhibit C, PageID 84).[4]

On August 12, 2019, in the Green County Court of Common Pleas matter, John D. Smith obtained a judgment against Lipsky in the amount of $66,427.74, plus interest at the rate of 10% per annum from August 12, 2019, and costs. (Doc. 2., ¶ 2). On August 14, 2019, pursuant to Ohio Revised Code § 2329.02, John D. Smith filed a Certificate of Judgment in the Warren County, Ohio Court of Common Pleas and obtained a valid Certificate of Judgment for Lien upon Lands that encumbers Lipsky's Property. (*Id.*, ¶¶ 3-5).

On November 19, 2019, in an effort to enforce its Certificate of Judgment, John D. Smith filed a Complaint in Foreclosure on the Property in the Warren County, Ohio Court of Common Pleas. (Doc. 2). John D. Smith included, as Defendants, others with recorded lien interests in the Property, including the CFPB, two mortgage holders, and a holder of a mechanic's lien. (*Id.*, ¶ 6); (*Id.*, Exhibit C, PageID 84). The CFPB removed the foreclosure action to this Court on December 20, 2019. (Doc. 1).

On January 23, 2020, the Ninth Circuit stayed the appeal of the Northern District of California's civil penalty against Lipsky pending the U.S. Supreme Court's ("Supreme Court") decision in *Seila Law LLC v. Consumer Fin. Prot. Bureau*, No. 19-7, *petition for cert. granted on Oct. 18, 2019*. *Nationwide Biweekly Admin., Inc.*, No. 18-15431, Docket Entry 75.

---

[4] The Northern District of California issued an Amended Abstract of Judgment later that month. *Biweekly Admin., Inc.*, No. 15-CV-02106-RS, Docket Entry 362.

On January 24, 2020, in this matter, the CFPB filed its Answer, a Counterclaim against John D. Smith, and Crossclaims against the other Defendants to enforce its federal lien on the Property. (Doc. 13).

The Supreme Court heard oral argument in *Seila Law* on March 3, 2020, and issued a decision in that matter on June 29, 2020. *Seila Law LLC v. Consumer Fin. Prot. Bureau*, No. 19-7, 2020 WL 3492641 (U.S. June 29, 2020).

In the Motion to Dismiss John D. Smith's Complaint in Foreclosure, Lipsky argues that John D. Smith lacks standing to bring the Complaint because John D. Smith cannot establish the third element of standing, *i.e.*, redressability, as other Defendants' senior liens will likely be paid out from any foreclosure sale of the Property before John D. Smith's junior lien would be paid. (Doc. 4). John D. Smith responds that, in light of its valid Certificate of Judgment obtained before bringing this action, it is a judgment creditor with proper standing to initiate a foreclosure proceeding pursuant Ohio Revised Code 2323.07. (Doc. 11).

In the Motion to Dismiss the CFPB's Crossclaim for enforcement of its federal lien against the Property, Lipsky argues that this Court lacks subject matter jurisdiction over that Crossclaim, as it is not ripe for consideration in light of the Supreme Court's pending decision in *Seila Law* which may affect the outcome of the separate appeal of the Northern District of California's civil penalty. (Doc. 25). The CFPB responds that the Crossclaim is ripe because a final judgment may be enforced while an appeal is pending. (Doc. 31).

## II. ANALYSIS

### a. Motion to Dismiss the Complaint

To establish standing in Ohio, a plaintiff must show that it suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief. *Moore v. Middletown*, 975 N.E.2d 977, 982 (2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "A determination of standing necessarily looks to the rights of the individual parties to bring the action, because the parties must have a personal stake in the outcome of the action." *Bank of Am., N.A. v. Kuchta*, 21 N.E.3d 1040, 1047 (2014) (emphasis omitted).

Certificates of Judgment are specific liens that attach at the time filed and create a protected property interest. *Verba v. Ohio Cas. Ins. Co.,* 851 F.2d 811, 815 (6th Cir. 1988) (citing Ohio Rev. Code § 2329.02 ("Judgment lien; certificate of judgment; filing; transfer")); *see Feinstein v. Rogers*, 440 N.E.2d 1207, 1209 (1981) ("A specific lien is one that becomes a charge upon ascertainable lands and tenements of the debtor, thus establishing its priority as against other mortgage or lien holders whose liens attach subsequent thereto."); *see also Dietl v. Sipka*, 923 N.E.2d 692, 696 (2009) (explaining that Ohio Rev. Code § 2329.02 provides the process used to convert unsecured judgments into enforceable liens against real property). John D. Smith, a judgment creditor with an unsatisfied specific lien on the Property, has standing to enforce its Certificate of Judgement and initiate this foreclosure action. *See Verba*, 851 F.2d at 815; Ohio Rev. Code §§ 2329.02, 2323.07. That John D. Smith may have a junior lien does not negate its standing, and the Court will not determine the priority of the liens involved at this juncture. *See Knox v. Carr*, 1901 WL 802 (Ohio Cir. Ct. Oct. 31, 1901), *aff'd*,

5

69 Ohio St. 575, 70 N.E. 1125 (1904) (holding that a judgment debtor, who has a lien on real estate, may prosecute an action to marshal the liens against the real estate, even though there are other and prior liens that would exceed the funds derivable from the sale of the lands).

### b. Motion to Dismiss the Crossclaim

Federal courts lack subject matter jurisdiction over claims that are not ripe. *River City Capital v. Bd. of County Comm'rs*, 491 F.3d 301, 309 (6th Cir. 2007). A claim is "ripe" within the meaning of Article III where there exists a "case or controversy." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937). A controversy exists when it is "definite and concrete, touching the legal relations of the parties having adverse legal interests." *Id.* at 240-41.

A controversy exists in this matter: the CPFB obtained a final judgment against Lipsky in the Northern District of California, Lipsky has not satisfied that judgment, and the CFPB seeks to protect and enforce that judgment, secured by a federal lien, in the instant matter. *See id.* That the Ninth Circuit stayed the appeal of that judgment pending a decision in the separate *Seila Law* case does not require dismissal of the CFPB's Crossclaim.

Likewise, that the Supreme Court might have, in *Seila Law*, held that the vesting of substantial executive authority in the CFPB is unconstitutional because it violates the separation of powers and that 12 U.S.C. §5491(c)(3) cannot be severed from the Dodd-Frank Act, and then might have granted Lipsky's request in his *Amici Curiae* brief—one of thirty-seven filed—to vacate the Northern District of California's judgment, would not have made the CFPB's Crossclaim to enforce its currently valid federal lien in this matter

6

unripe such that dismissal would be warranted. Regardless, a majority of the Supreme Court actually held that the vesting of substantial executive authority in the CFPB is unconstitutional, but a majority, albeit a different majority, held that 12 U.S.C. § 5491(c)(3) can be severed from the Dodd-Frank Act. *Seila Law LLC*, 2020 WL 3492641, at *22, 47. Finally, this Court declines Lipsky's, incomplete,[5] invitation to invoke the prudential ripeness doctrine. The CFPB's Crossclaim is ripe for adjudication, and this Court has jurisdiction over it. *See River City Capital*, 491 F.3d at 309.

### III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED** that Lipsky's Motions to Dismiss (Docs. 4, 25) are **DENIED**. The Court will schedule a telephone status conference to discuss the calendar in this matter shortly.

**IT IS SO ORDERED.**

                                                         _s/ Michael R. Barrett_____
                                                         Judge Michael R. Barrett
                                                         United States District Court

---

[5] Lipsky, moving for dismissal based on the prudential ripeness doctrine, fails to analyze the vitality of that doctrine in light of the Supreme Court's decision in *Susan B. Anthony List v. Driehaus*, , __ U.S. __, 134 S.Ct. 2334, 2347, 189 L.Ed.2d 246 (2014). Lipsky's second footnote is insufficient. Moreover, even if the Court were to engage in such an analysis and find that the doctrine remains viable, the Court would hold that the doctrine does not counsel dismissal of the Crossclaim.